# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KERRI VANMEVEREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-1322-JTM-DWB |
| | ) |
| INTERNATIONAL BUSINESS | ) |
| MACHINES CORPORATION and | ) |
| SPRINT/UNITED MANAGEMENT | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for Determination of Place of Trial (Doc. 9), seeking an intra-district transfer from Wichita to Kansas City for the purposes of docketing, maintenance, and trial. Plaintiff filed a response (Doc. 11), arguing that transfer is improper because there is not enough justification in favor of transfer to overcome the deference afforded to Plaintiff's choice of forum. Defendants replied. (Doc. 13.)

## BACKGROUND

Plaintiff Kerri VanMeveren, who lives in Cleveland, Missouri, filed suit against Defendants in the United States District Court for the District of Kansas. The suit contains claims of gender discrimination and retaliation under Title VII

resulting from events that allegedly occurred while Plaintiff was employed with each of the Defendants in Overland Park, Kansas. Defendants deny Plaintiff's allegations of discrimination and retaliation. In her Complaint, Plaintiff designated Wichita as the place for trial pursuant to D.Kan. Rule 40.2.

## DISCUSSION

Defendants argue that Kansas City is the logical and convenient venue for trial because of its relative proximity to most of the witnesses (including Plaintiff) and defense counsel. Defendants contend that Kansas City is nearest to the location where the alleged discriminatory acts took place. Plaintiff argues that Defendants ignore the "most important and overarching factor" to be considered by the Court - - that Plaintiff designated Wichita as the place of trial. Plaintiff contends that because Kansas is comprised of a single judicial district, any place the court sits would be a convenient place for trial. Plaintiff also argues it would not be a financial hardship on Defendants, as large corporate entities, for their witnesses and representatives to travel to Wichita for trial.

### A. MAGISTRATE'S AUTHORITY TO ORDER AN INTRA-DISTRICT TRANSFER

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and decide matters that are nondispositive in nature subject to review by the district court under a clearly erroneous standard. The Court believes this motion to be a

nondispositive matter upon which it may rule subject only to deferential review.

Although no case from the Tenth Circuit has ruled on this precise issue, case law from the Tenth Circuit and other circuits strongly suggests that motions for intra-district transfer are nondispositive in nature.  In ***Ocelot Oil Corp. v. Sparrow Industries,*** 847 F.2d 1458, 1462 (10th Cir. 1988), the Tenth Circuit held that a magistrate judge was not permitted to impose the discovery sanction of striking the plaintiff's pleadings with prejudice because such sanction had the practical effect of dismissing the plaintiff's suit and preventing it from further pursuing its action.

Later, in ***First Union Mortg. Corp. v. Smith***, 229 F.3d 992 (10th Cir. 2000), the Tenth Circuit held that a magistrate did not have authority to remand a case to state court.  In ***Smith***, the court again likened the magistrate's order to a dismissal, reasoning that a "remand order is a final decision in the sense that it is dispositive of all the claims and defenses in the case as it banishes the entire case from the federal court." *Id*. at 996 (quotations and citations omitted) (emphasis added).

The present motion cannot be likened to a motion to dismiss because an intra-district transfer neither prevents any party from pursuing its claims nor banishes either party from federal court.  Indeed, granting such motion would not even banish the parties from this judicial district, but would only change the place of trial (and possibly the presiding judge) within this district.  The Court does not

believe that such an action can reasonably be considered dispositive. *See e.g.,* ***Third Millennium Technologies, Inc. v. Bentley Systems, Inc.***, Case No. 03-1145, 2003 WL 22003097, at *1–2 (D. Kan. Aug. 21, 2003) (Bostwick, Magistrate J.) (holding that a motion to stay proceedings pending arbitration was not dispositive in nature because the federal court retained authority to review the arbitration award and the parties were, accordingly, not banished from federal court); *see also* ***Bitler v. A.O. Smith Corp***, Case No. 98-1897, 2001 WL 1579378 (D. Colo. Dec. 10, 2001) (Magistrate Judge Boland issuing an "Order" denying a motion for intra-district transfer without discussion of magistrate authority to do so); *cf.* ***Blinzler v. Marriott Intern., Inc.,*** 857 F.Supp. 1, 2 (D.R.I.1994) (holding that a motion to transfer venue is a nondispositive matter) (citations omitted).

**B.    INTRA-DISTRICT TRANSFER**

D. Kan. Rule 40.2 requires each party to file a request stating the name of the city where it desires the trial to be held. The rule also provides, however, that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering intra-district transfer, courts in this district generally look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).

Under section 1404(a), the Court should consider (1) Plaintiff's choice of

4

forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991); *Lavin v. The Lithibar Co.*, Case No. 01-2174, 2001 WL 1175096, at *1 (D. Kan., Sept. 19, 2001). There is a strong presumption in favor of the Plaintiff's choice of forum. *Lavin*, 2001 WL 1175096, at *1–2. A defendant has the burden of proving that a plaintiff's choice of forum is inconvenient, and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Id.* at *1. Cases are generally not transferred between cities except for the most compelling reasons. *Bauer v. City of De Soto, Kan.*, Case No. 04-4027, 2004 WL 2580790, *1 (D. Kan. Nov. 3, 2004) (citations omitted).

In this case, Defendants' justification for overriding Plaintiff's choice of forum is the relative proximity of Kansas City to most of the witnesses. This includes Plaintiff who lives approximately 50 minutes from Kansas City, but approximately three hours from Wichita. Plaintiff counters that she is "willing to drive to Wichita because that is where she desires to have the trial . . . ." (Doc. 11 at 2.) The fact remains, however, that Plaintiff has no connection to Wichita other than her choice of forum. As her counsel correctly states, a plaintiff's choice of

forum receives less deference when it is not also her residence. ***Barnes & Noble Booksellers, Inc. v. Town Center Plaza, LLC***, (No.Civ.A. 05-2011-CM, 2005 WL 2122803, at *2 (D.Kan. May 18, 2005) (slip op.).

Defendants counter that their attorneys are located in Kansas City, Missouri, which is "minutes away from the Kansas City, Kansas courthouse, but several hours from the Wichita, Kansas courthouse." (Doc. 9 at 2.) The Court, however, gives little weight to the fact that Defendants have chosen Kansas City counsel to defend a case that was filed in Wichita.

The Court is, however, somewhat persuaded by the fact that Plaintiff was employed in Overland Park, near Kansas City. The acts giving rise to her Complaint occurred in Overland Park. The clear majority of Defendants' witnesses – and likely many of Plaintiff's witnesses – work and reside in the greater Kansas City area, and it would be more convenient for them to appear for trial in Kansas City.

However, at this early stage of the proceedings, the Court is unable to find that Kansas City is a sufficiently more convenient venue in order to justify a transfer of the case. Considering the use of electronic filing and the regular practice of conducting scheduling and discovery conferences with the Court by telephone, there is no immediate inconvenience to the parties, their counsel, and/or

potential witnesses during pretrial proceedings. Furthermore, the assigned trial judge – Judge Marten – can always agree to conduct the trial in another city without the necessity of a formal transfer of the case for all purposes. In fact, he has done so in the past in other cases. Accordingly, the Court will deny Defendants' motion without prejudice to renewal in the future.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Transfer Venue of Action from Wichita to Kansas City (Doc. 9) is DENIED, without prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 27th day of December, 2005.

                                              s/ Donald W. Bostwick
                                              DONALD W. BOSTWICK
                                              United States Magistrate Judge